In the Matter of SAMUEL L. GAPPELBERG, an Attorney, Respondent.

First Department, May 12, 1933.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Louis S. Posner*, for the respondent.

Finch, P. J.    The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division, First Department, on July 2, 1926.

By the petition herein he is charged with professional misconduct in that he converted to his own use one-half of an amount collected in settlement of the claim of a client, and incidentally thereto indorsed the name of his client upon the check received and forged the name of a notary public to the acknowledgment of a release signed by his client.

The respondent answered, and the matter was referred to a referee to take testimony with reference to the charges and report the same to this court with his opinion thereon.    The learned referee has duly reported, finding the respondent guilty as charged.

The matter now comes before this court, upon motion of the petitioner that the report of the referee be confirmed, and that this court take such further action as may be just and proper.

The following facts are undisputed: On or about May 26, 1931, one John Stoedter was injured by a taxicab.    He retained the respondent to bring an action for damages.    The respondent advised Stoedter that the claim could be settled for fifty dollars and obtained from Stoedter a release of the claim, to be used in the event of such settlement.    Thereafter the respondent received from the defendant a check for fifty dollars.    He delivered to the defendant a release signed by Stoedter, upon the back of which was an acknowledgment by Stoedter, purporting to have been taken by Abraham D. Levy, notary public.    The respondent concedes that he wrote the name of Abraham D. Levy upon said acknowledgment.

The check for fifty dollars received by the respondent as aforesaid was drawn to the order of John Stoedter and S. L. Gappelberg, attorney.    The respondent indorsed Stoedter's name upon the back of the check in a handwriting which the respondent concedes he sought to differentiate from his own.    He cashed the check, and applied the entire proceeds thereof to his own use.

The details of the conversion need not be recited, since the conversion is admitted by the respondent, coupled with a plea of financial difficulties, the only issues presented before the referee and argued upon this motion being with respect to the unauthorized indorsement by the respondent of the name of his client and the alleged forgery by the respondent of the name of the notary.

As to the former, the respondent claimed, first, that his client had in fact authorized the indorsement of the check and, in any

event, the indorsement was but an incident to the collection of the money, the receipt whereof the respondent never denied.

As to the latter issue, it is the claim of the respondent that two releases were signed by his client, one of which was acknowledged before the notary, Levy, and the other made to conform by the respondent for use as an office copy, and that the latter inadvertently was delivered to the defendant.

Unfortunately for these contentions, they are not sustained by the evidence. The complainant Stoedter testified positively that there had been no discussion respecting the indorsement of any check, that he had signed only one release, that there was no notary present, and that he had never acknowledged his signature. The respondent was unable to produce the alleged duplicate release. It is clear upon the face of the record that the attempted explanation of the respondent and the testimony adduced in support thereof were false. It evidently was the intention of the respondent to conceal from his client for as long a time as possible the collection of the claim, and his acts were all directed to that end. He received payment of the claim on June 20, 1931. Thereafter Stoedter made repeated efforts to obtain information as to the disposition of the claim, without success. Finally, on November 14, 1931, the respondent wrote him inclosing ten dollars on account, and stating: " I have been trying to locate the check previously sent to you merely for the purpose of verifying what I told you previously, but so far without success. Balance of $15 will follow shortly." Concededly the reference to a previous check is false. The balance of fifteen dollars was remitted on January 30, 1932, after the matter had been taken up with the respondent by the petitioner's committee on grievances.

The amount involved in this matter is pitifully small, the financial condition of the respondent distressing. Far more regrettable is the manner in which the respondent has attempted to meet the situation. Before the grievance committee of the Bar Association the respondent stated that he had obtained a check to his order for twenty-five dollars from his father-in-law, indorsed it in blank and sent it to his uncle, with the request that the latter give it to Stoedter, but that his uncle converted it to his own use. This story the respondent concedes to have been wholly false. He further concedes that statements to the Bar Association and in his answer that he was at all times ready, willing and able to pay Stoedter his share of the settlement were false. The learned referee has included in his report the following comment, which but too truly summarizes the situation: " The respondent has a lamentable record of deliberate falsification which casts a shadow

upon any testimony he might give. We have here an instance of a young man driven to desperation under the stress of want, not essentially criminal of intent but lacking in the elemental virtues of integrity and truthfulness so essential to the equipment of a member of the honorable profession of the law."

The respondent should be disbarred.

MARTIN, O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Respondent disbarred.